13-1001-cv
Gulino v. Board of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand fourteen.

Present:
>           ROBERT A. KATZMANN,
>                     *Chief Judge*,
>           RICHARD C. WESLEY,
>           RAYMOND J. LOHIER, JR.
>                     *Circuit Judges*.

_____

ELSA GULINO, MAYLING RALPH, PETER WILDS,
NIA GREENE,

>           *Plaintiffs-Appellees*,

>           v.                                          No. 13-1001-cv

BOARD OF EDUCATION OF THE NEW YORK CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,

>           *Defendant-Appellant*.

_____

For Defendant-Appellant:                MORDECAI NEWMAN, Assistant Corporation Counsel
                                        (Leonard Koerner, Eamonn Foley, Benjamin Welikson,
                                        Larry A. Sonnenshein, *on the brief*), *for* Zachary Carter,
                                        Corporation Counsel of the City of New York, New
                                        York, NY.

For Amicus Curiae New York State
Education Department in Support of
Defendant-Appellant:

BARBARA D. UNDERWOOD, Solicitor General (Andrew W. Amend, Assistant Solicitor General; Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

For Plaintiffs-Appellees:

JOSHUA S. SOHN, DLA Piper LLP (US), New York, NY, (Rachel V. Stevens, Spencer Stiefel, DLA Piper LLP (US), New York, NY; Anthony D. Gill, DLA Piper LLP (US), Washington, DC; Stephen G. Seliger, Joel Hellman, Chicago, IL; Baher Azmy, Darius Charney, Ghita Schwarz, Center for Constitutional Rights, New York, NY, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant the Board of Education of the New York City School District of the City of New York (the "Board") brings this interlocutory appeal under 28 U.S.C. § 1292(b) from a December 5, 2012 order of the United States District Court for the Southern District of New York (Wood, *J.*). Plaintiffs-Appellees Elsa Gulino, Mayling Ralph, Peter Wilds, and Nia Greene filed this suit in 1996 on behalf of themselves and all others similarly situated, alleging that the Board engaged in unlawful employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, by requiring public school teachers to pass certain examinations in order to obtain or retain a permanent teaching position. Upon remand from a prior appeal to this Court, the district court (1) held that the Board "can be subject to Title VII liability for its use of" the Liberal Arts and Sciences Test ("LAST") and that the LAST violates Title VII's disparate impact provisions because it was not properly validated; (2) granted in part

2

and denied in part the Board's motion to decertify the previously certified class in light of the

Supreme Court's intervening decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011);

and (3) held that the defense to claims of disparate treatment under Title VII recognized in *Ricci*

*v. DeStefano*, 557 U.S. 557 (2009), does not apply to claims of disparate impact. *Gulino v. Bd. of*

*Educ. of the City Sch. Dist. of the City of New York* ("*Gulino V*"), 907 F. Supp. 2d 492, 497

(S.D.N.Y. 2012).[1] On appeal, the Board challenges each of these rulings. We presume the

parties' familiarity with the relevant facts, the procedural history of the case, and the issues

presented for review.

We review a district court's interpretation of a federal statute *de novo*. *See City of New*

*York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008). In its first argument on appeal,

the Board, joined by Amicus Curiae the New York State Education Department ("SED"), argues

that the district court erred in interpreting Title VII to permit an employer to be held liable for

complying with a facially neutral state licensing requirement. This argument fails for multiple

reasons.

To begin with, as the Board's counsel conceded at oral argument, the Board forfeited this

argument by initially raising it before the district court—which rejected the argument—and then

abandoning it in the first appeal to this Court. It is well settled that when a party forgoes the

opportunity to challenge a lower court's decision in an initial appeal, the party is "deemed to

have waived the right to challenge that decision at a later time," including in any subsequent

appeal. *N. River Ins. Co. v. Phila. Reinsurance Corp.*, 63 F.3d 160, 164 (2d Cir. 1995) (quoting

*Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 150 (D.C. Cir. 1987)).

---

[1] To differentiate the several prior opinions in this case, we adopt the same numbers used by the district court in the opinion and order underlying this appeal.

In addition, although the Board failed to raise this argument in the first appeal, this Court addressed the issue nonetheless, noting that "the district court was correct in holding that the mandates of state law are no defense to Title VII liability." *Gulino v. New York State Educ. Dep't* ("*Gulino IV*"), 460 F.3d 361, 380 (2d Cir. 2006). That decision is now the law of the case. Under the law of the case doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991)).

To be sure, both issue forfeiture and the law of the case are flexible doctrines from which we may depart. "[T]his Court has discretion to decide the merits of a forfeited claim or defense 'where the issue is purely legal and there is no need for additional fact-finding or where consideration of the issue is necessary to avoid manifest injustice.'" *Patterson v. Balsamico*, 440 F.3d 104, 112 (2d Cir. 2006) (quoting *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 141-42 (2d Cir. 2000)) (internal quotation marks omitted). Similarly, we "may depart from the law of the case and reconsider the issue for 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Quintieri*, 306 F.3d at 1230 (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). But the Board points to no new evidence or any relevant intervening change in the law, and we see no injustice—let alone manifest injustice—in adhering to our prior decision, especially when neither the Board nor SED (which was a party to the prior appeal) have provided a justification for the failure to raise this issue at an earlier stage of this protracted case.

Nor was our ruling in *Gulino IV* clearly erroneous. To the contrary, it was commanded by controlling precedent. In *Guardians Association of New York City Police Department, Inc. v. Civil Service Commission of the City of New York*, 630 F.2d 79 (2d Cir. 1980), this Court confronted a disparate impact claim challenging a facially neutral employment practice of a municipal employer. Like the Board here, the employer in *Guardians* argued that it could not be subject to liability under Title VII because the challenged practice was mandated by state law. We rejected that argument in no uncertain terms: "Nor can the City justify [its policy] by reliance on what it contends are the requirements of state law. Title VII explicitly relieves employers from any duty to observe a state hiring provision 'which purports to require or permit' any discriminatory employment practice." *Id.* at 104–05 (citation omitted) (quoting 42 U.S.C. § 2000e-7 (1976)). In our prior decision, we cited and quoted this holding. *See Gulino IV*, 460 F.3d at 380. The Board's argument, even if it had not been forfeited, is thus foreclosed.

We review the district court's ruling on the Board's motion to decertify the class for abuse of discretion. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 250 (2d Cir. 2011). Rule 23 provides that a class action may be certified where the case meets all four requirements set forth in Rule 23(a) and one of the three requirements set forth in Rule 23(b). In addition, Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues."

On remand, the district court decertified the original Rule 23(b)(2) class with respect to the plaintiffs' claims for damages and individualized injunctive relief, but maintained the class with respect to the plaintiffs' claims for declaratory and class-wide injunctive relief. On appeal, the Board argues that the latter portion of the district court's decision was erroneous. According to the Board, notwithstanding the plain text of Rule 23(c)(4), the district court was not permitted

5

under Rule 23(b)(2) to maintain the class with respect to some claims for relief and decertify it with respect to others. Instead, the Board contends, the district was required to "determine whether plaintiffs' entire claim could satisfy the predominance and superiority requirements of Rule 23(b)(3)." Appellant's Br. 32.

On August 29, 2013, however, after the Board filed its opening brief on this appeal, the district court issued an order certifying a remedy-phase class under Rule 23(b)(3), and in doing so, considered the entirety of the plaintiffs' claim. *See Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 Civ. 8414 (KMW), 2013 WL 4647190, at *6, 10-12 (S.D.N.Y. Aug. 29, 2013). Accordingly, the Board has now obtained precisely the relief it seeks from this Court on appeal—a determination of whether the plaintiffs' entire claim satisfies the predominance and superiority requirements of Rule 23(b)(3). The Board's challenge to the district court's decertification decision is accordingly moot. *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 95 (2d Cir. 2007). We note, however, that in light of Rule 23(c)(4)'s plain language and our decision in *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 167 (2d Cir. 2001), the district court's decision to maintain partial certification under Rule 23(b)(2) appears to have been proper.

Finally, we review the district court's denial of the Board's *Ricci* defense *de novo*. *See Beretta*, 524 F.3d at 392. The Board argues that the district court erred in holding that the defense to claims of disparate treatment under Title VII recognized in *Ricci* is not a defense to claims of disparate impact. As the Board acknowledges, however, this argument is squarely foreclosed by our prior decision in *Briscoe v. City of New Haven*, 654 F.3d 200, 205 (2d Cir.

6

2011), *cert. denied*, 132 S. Ct. 2741 (2012).[2]

  We have considered the Board's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the order of the district court is **AFFIRMED**.

       FOR THE COURT:
       CATHERINE O'HAGAN WOLFE, CLERK

---

[2] In its reply brief, the Board also argues that the order under review should be reversed on the ground that the Board's defense was hamstrung by the failure of SED and the private company that developed the LAST to adequately document the processes by which the test was developed. Because this argument was raised for the first time on reply, we will not consider it. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003).