19-1162
*Munoz v. Bd. of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-one.

Present:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

Victoria Munoz,

> *Plaintiff - Appellee,*

Elsa Gulino, Mayling Ralph, Peter Wilds, Nia Greene, on behalf of themselves and all others similarly situated,

> *Plaintiffs,*

> v.                                                                      19-1162[*]

Board of Education of the City School District of the City of New York,

> *Defendant - Appellant,*

New York State Education Department,

> *Defendant*.

---

[*] Pursuant to this Court's Case Management Order, issued on June 3, 2019, this summary order applies to the above-captioned appeal as well as to the other appeals considered in tandem, which are listed by docket number in Attachment A.

1

For Plaintiff-Appellee:                                    JOSHUA S. SOHN (Dina Kolker, Francis C.
                                                           Healy, Robert A. Mantel, Stroock & Stroock
                                                           & Lavan LLP, New York, NY; Rachel V.
                                                           Stevens, DLA Piper LLP, New York, NY,
                                                           *on the brief*).

For Defendant-Appellant:                                   AARON M. BLOOM, Assistant Corporation
                                                           Counsel (Richard Dearing, Claude S.
                                                           Platton, and Kevin Osowski *on the brief*),
                                                           *for* James E. Johnson, Corporation Counsel
                                                           of the City of New York, New York, NY.

Appeal from 347 judgments of the United States District Court for the Southern District of New York (Wood, *J.*). *See* Attachment A.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED.**

This is the third appeal in a nearly twenty-five-year-old class action brought by African-American and Latino public school teachers against the Board of Education of the City School District of the City of New York ("BOE"). The plaintiffs challenged, *inter alia*, BOE's use of a certification test called the Liberal Arts and Sciences Test ("LAST") as discriminatory under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*. In a prior stage of this litigation, plaintiffs prevailed on their claim that the LAST had an impermissible racial disparate impact.[1] BOE now appeals from the first 347 individual class-member judgments entered by the U.S. District Court for the Southern District of New York (Wood, *J.*), *see* Attachment A, primarily asserting errors in the district court's method of calculating damages. We assume the parties' familiarity with the underlying facts, the extensive procedural history of the case, and the issues on appeal.

---

[1] BOE cursorily asks us in this appeal to revisit that prior holding. But we have no basis for doing so. As a prior panel in this case has held, BOE's liability argument, which has already been rejected by two panels of this Court, is forfeited, barred by the law of the case doctrine, and incorrect on the merits. *See Gulino v. Bd. of Educ.*, 555 F. App'x 37, 39–40 (2d Cir. 2014) (summary order) (citing *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 380 (2d Cir. 2006)).

BOE's main contention on appeal is that the district court erred in its method of calculating class members' damages. Specifically, BOE challenges the district court's method, developed in conjunction with a duly appointed Special Master, of adjusting each award of damages to reasonably reflect (1) the possibility that a class member would not have been appointed to a BOE teaching position even if that class member had passed the LAST (the "probability of appointment"); and (2) the possibility that a class member would not have remained a BOE teacher through retirement or judgment (the "probability of attrition"). We review a district court's fashioning of a Title VII backpay remedy for abuse of discretion. *See Rios v. Enter. Ass'n Steamfitters Local Union 638*, 860 F.2d 1168, 1175 (2d Cir. 1988). A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).[2]

The thrust of BOE's argument is that the district court abused its discretion by accounting for the probabilities of appointment and attrition on an individualized basis, rather than through a classwide pro-rata damages reduction.[3] BOE relies on a line of cases, primarily from our sister circuits, holding that classwide backpay calculations are most appropriate where determining individualized damages is "impossibl[e]" or "impractical." *Pettway v. Am. Cast Iron Pipe Co.*, 494 F.2d 211, 260–62 (5th Cir. 1974). As most of these cases recognize, however, and as we ourselves have held, "class-wide, rather than individualized, assessment[] of monetary relief . . . is the exception, not the rule." *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 161 n.6 (2d Cir.

---

[2] All emphases, internal quotation marks, citations, alterations, and footnotes are omitted in language quoted from caselaw unless otherwise indicated.

[3] The plaintiffs argue that the majority of BOE's arguments on appeal, including this one, have been either waived or forfeited. Because we conclude that BOE's arguments are unpersuasive on the merits, we do not address the question of waiver or forfeiture.

2001). Accordingly, the district court's decision to individually determine whether a class member would have been hired, as well as that class member's counterfactual end date, was an application of the default rule that "[w]here possible, there should be a determination on an individual basis as to which class members are entitled to recovery and the amount of such recovery." *Id.*

Contrary to BOE's suggestion, application of this default rule here was not an abuse of discretion. Certainly, there were some reasons to believe that individualized determinations of the probabilities of appointment and attrition would be difficult in this case, such as the length of the class period and the size of the class. *See Pettway*, 494 F.2d at 261. But other factors support the district court's conclusion that individualized determination of these probabilities was neither "impossibl[e]" nor "impractical." *Id.* at 260, 262. For example, even on BOE's terms, the vast majority of class members would have been hired, rendering individualized appointment determinations more feasible than in other cases where a large number of applicants were competing for a limited number of opportunities. *See, e.g.*, *United States v. City of Miami*, 195 F.3d 1292, 1299–1300 (11th Cir. 1999) (finding classwide pro rata reductions appropriate where thirty-five officers were eligible for two promotions). Further, the Special Master identified numerous sources of evidence that could facilitate individualized end date determinations, such as "testimony of intent, proof of continued employment to date, evidence of familial employment patterns, actual cessation of employment, disability, personal needs," and more. Joint App'x 2035. Such factors indicate that the district court's decision that individualized determinations were feasible was located well "within the range of permissible decisions." *Zervos*, 252 F.3d at 169.[4]

---

[4] BOE's separate argument that the district court erred by relying on its previous finding that "qualified class members would have gone on to be permanent teachers," Special App'x 11, is unavailing. By allowing individualized hearings about whether any class member would have been hired, the district court appears to have in fact departed from this finding.

BOE's prior position in this very litigation confirms this point. While BOE now maintains that individualized appointment and end date determinations require a hopeless journey into a "quagmire of hypothetical judgments," *Pettway*, 494 F.2d at 260, it has not always made this claim. To the contrary, in opposition to remedy-phase class certification, BOE argued that a calculation of damages on a *classwide* basis would be impractical because "the determination of back pay is highly individualized," Joint App'x 1571, and requires engaging in "a host of necessarily individualized determinations," *id.* at 1584. Indeed, BOE specifically listed the determination of "start date[s]" and "end date[s]" as examples of inherently individualized inquiries not amenable to classwide treatment. *Id.* at 1571. Although BOE's prior position does not formally preclude its arguments here, its about-face confirms that, at the very least, reasonable minds may disagree about the practicality of assessing appointment and attrition probabilities on an individualized basis in this case. Under abuse of discretion review, this is fatal to BOE's argument.

BOE nonetheless contends that, even if the district court's decision to make individualized appointment and attrition determinations was reasonable in theory, it was an abuse of discretion in practice because the district court's method of making such determinations resulted in an impermissible "windfall" to the plaintiffs "at the expense of the employer." *Ingram v. Madison Square Garden Ctr., Inc.*, 709 F.2d 807, 812 (2d Cir. 1983). BOE offers two primary bases for this assertion. First, BOE contends that there was a windfall because the ultimate damages were not designed to, and did not, track those predicted by BOE's comparator-based statistics. This argument, however, relies on the unsupported assumption that BOE's classwide damages projections were more reliable than individualized damages determinations. *Cf. Pettway*, 494 F.2d at 261 (holding that the choice between individualized and classwide backpay determinations is "not a choice between one approach more precise than another" because "[a]ny method is simply a process of conjectures"). Moreover, there is no reason to assume that the 347 damages awards

5

appealed in the tandem cases before us are necessarily representative of those that the remaining class members will receive. Second, BOE argues that there was a windfall because the district court at times resolved uncertainties against it in individual proceedings. This Court, however, has long held that uncertainty in determining what a plaintiff would have earned but for an employer's discrimination should be resolved against the employer where the employer's discriminatory practices are the source of the uncertainty. *See, e.g.*, *E.E.O.C. v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus.*, 186 F.3d 110, 122 (2d Cir. 1999) (applying this rule). BOE has not offered any basis for finding that the district court's application of this well-established principle generated an impermissible windfall here. Accordingly, these arguments do not demonstrate that the district court's method of making individualized damages determinations was an abuse of discretion.

Finally, we are unpersuaded by BOE's contention that the district court's method of damages calculation broadly violated Title VII principles. For example, although BOE suggests that the district court "repeatedly ignored," BOE Br. 40, the principle that courts fashioning a backpay remedy should "as nearly as possible, recreate the conditions and relationships that would have been had there been no unlawful discrimination," *Ingram*, 709 F.2d at 811, the district court specifically justified its methodology on the ground that "[i]ndividualized determinations will best recreate what would have occurred absent discrimination." Special App'x 12. This justification is consistent with other circuits' conclusion that "individualized remed[ies] . . . best compensate the victims of discrimination without unfairly penalizing the employer." *Hameed v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Local Union No. 396*, 637 F.2d 506, 519 (8th Cir. 1980). And although BOE argues that the district court neglected its duty to "give significant weight to circumstances showing that [BOE] was entitled to presume that its conduct was lawful," BOE Br. 43, the only binding case from which BOE draws this supposed duty is inapposite. *See*

6

*City of L.A., Dep't of Water & Power v. Manhart*, 435 U.S. 702, 722–23 (1978) (awarding no backpay where, unlike here, the liability holding represented a "marked departure from past practice"). In short, we find no basis to conclude that the district court's chosen method of making individualized damages determinations was an abuse of discretion.

We have considered BOE's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7

# ATTACHMENT A

Pursuant to this Court's Case Management Order, issued on June 3, 2019, the above summary order applies to *Munoz v. Board of Education*, No. 19-1162, as well as to the 346 appeals considered in tandem, listed by docket number below:

19-1164, 19-1165, 19-1168, 19-1172, 19-1174, 19-1175, 19-1176, 19-1177, 19-1178, 19-1179, 19-1180, 19-1181, 19-1182, 19-1183, 19-1184, 19-1185, 19-1186, 19-1187, 19-1188, 19-1189, 19-1190, 19-1191, 19-1192, 19-1193, 19-1194, 19-1195, 19-1196, 19-1197, 19-1198, 19-1199, 19-1200, 19-1201, 19-1202, 19-1203, 19-1205, 19-1208, 19-1209, 19-1214, 19-1216, 19-1217, 19-1218, 19-1219, 19-1220, 19-1221, 19-1222, 19-1223, 19-1224, 19-1225, 19-1231, 19-1235, 19-1236, 19-1240, 19-1243, 19-1246, 19-1268, 19-1269, 19-1270, 19-1275, 19-1316, 19-1317, 19-1318, 19-1319, 19-1324, 19-1325, 19-1326, 19-1327, 19-1328, 19-1329, 19-1332, 19-1334, 19-1336, 19-1339, 19-1341, 19-1489, 19-1494, 19-1495, 19-1497, 19-1498, 19-1501, 19-1502, 19-1503, 19-1504, 19-1505, 19-1506, 19-1507, 19-1508, 19-1509, 19-1512, 19-1513, 19-1515, 19-1516, 19-1517, 19-1518, 19-1522, 19-1532, 19-1533, 19-1536, 19-1539, 19-1541, 19-1543, 19-1547, 19-1548, 19-1593, 19-1899, 19-1912, 19-1914, 19-1915, 19-1916, 19-1918, 19-1922, 19-1924, 19-1925, 19-1926, 19-1927, 19-1928, 19-1929, 19-1930, 19-1932, 19-1934, 19-1935, 19-1936, 19-1937, 19-1938, 19-1939, 19-1940, 19-1941, 19-1942, 19-1945, 19-1946, 19-1947, 19-1948, 19-1949, 19-1950, 19-1951, 19-1952, 19-1953, 19-1955, 19-1956, 19-1959, 19-1960, 19-1962, 19-1963, 19-1964, 19-1965, 19-1966, 19-1968, 19-1969, 19-1970, 19-1971, 19-1972, 19-1973, 19-1974, 19-1975, 19-1976, 19-1977, 19-1978, 19-1979, 19-1980, 19-1981, 19-1983, 19-1985, 19-1986, 19-1987, 19-1991, 19-1992, 19-1993, 19-1994, 19-1995, 19-1997, 19-1998, 19-1999, 19-2000, 19-2001, 19-2002, 19-2004, 19-2005, 19-2006, 19-2007, 19-2010, 19-2013, 19-2014, 19-2015, 19-2016, 19-2017, 19-2018, 19-2020, 19-2021, 19-2022, 19-2027, 19-2028, 19-2031, 19-2033, 19-2034, 19-2035, 19-2037, 19-2038, 19-2039, 19-2054, 19-2055, 19-2061, 19-2063, 19-2066, 19-2067, 19-2068, 19-2072, 19-2243, 19-2246, 19-2248, 19-2254, 19-2256, 19-2257, 19-2258, 19-2259, 19-2261, 19-2262, 19-2264, 19-2265, 19-2267, 19-2269, 19-2270, 19-2271, 19-2272, 19-2273, 19-2274, 19-2277, 19-2278, 19-2280, 19-2281, 19-2287, 19-2292, 19-2305, 19-2309, 19-2310, 19-2347, 19-2350, 19-2351, 19-2352, 19-2354, 19-2361, 19-2365, 19-2366, 19-2374, 19-2535, 19-2538, 19-2541, 19-2542, 19-2545, 19-2546, 19-2548, 19-2549, 19-2550, 19-2551, 19-2553, 19-2554, 19-2555, 19-2556, 19-2558, 19-2559, 19-2563, 19-2566, 19-2567, 19-2569, 19-2571, 19-2572, 19-2574, 19-2575, 19-2576, 19-2577, 19-2580, 19-2581, 19-2582, 19-2583, 19-2584, 19-2585, 19-2587, 19-2590, 19-2592, 19-2593, 19-2595, 19-2596, 19-2597, 19-2598, 19-2599, 19-2600, 19-2601, 19-2603, 19-2606, 19-2607, 19-2608, 19-2610, 19-2611, 19-2616, 19-2617, 19-2626, 19-2633, 19-2634, 19-2636, 19-2675, 19-2680, 19-2683, 19-2689, 19-2707, 19-2712, 19-2749, 19-2759, 19-2760, 19-2761, 19-2762, 19-2763, 19-2764, 19-2769, 19-2773, 19-2774, 19-2775, 19-2776, 19-2777, 19-2779, 19-2781, 19-2782, 19-2783, 19-2785, 19-2786, 19-2787, 19-2788, 19-2790, 19-2791, 19-2792, 19-2793, 19-2794, 19-2795, 19-2797, 19-2799, 19-2801, 19-2803, 19-2805, 19-2806, 19-2807, 19-2808, 19-2810, 19-2811, 19-2812, 19-2813, 19-2821, 19-2823, 19-2826, 19-2833.